ROBERT S. LAMPL, ESQ.
LAW OFFICE OF ROBERT S. LAMPL
A Professional Law Corp.
21031 Ventura Blvd., 12th Floor
Woodland Hills, CA 91364
Tel:818-226-5662 Fax:818-226-5671

State Bar No. 82201
Attorney for Movant

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In Re: | BANKRUPTCY NO. 09-369772 |
| JOEL MICHAEL KOWALSKI, | CHAPTER 7 |
| Debtor. | D.C. No. RSL-1 |
| BANK OF AMERICA, N.A. | |
| MOVANT | MOTION FOR RELIEF FROM AUTOMATIC STAY (PERSONAL PROPERTY) |
| v. | (11 U.S.C.§ 362 and Bankruptcy Rule 4001) |
| JOEL MICHAEL KOWALSKI, and GARY FARRAR, Chapter 7 Trustee. | |
| Respondents. | DATE: May 10, 2010<br>TIME: 9:00 a.m.<br>CTRM: 28, 7th Floor<br>DEPT: "A" |

TO THE RESPONDENT JOEL MICHAEL KOWALSKI, HIS ATTORNEY OF RECORD AND THE TRUSTEE:

Bank of America, N.A., its successors and/or assigns (Movant), respectfully represents as follows:

**RELIEF FROM STAY**

**BACKGROUND FACTS**

1. This Court has jurisdiction over the subject matter of

-1-

this Motion pursuant to the provisions of 28 United States Code sections 157, and 11 United states Code section 362.

2. On or about August 11, 2009, Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code. GARY FARRAR is the appointed Chapter 7 Trustee.

3. On or about April 5, 2007, Debtor entered into a "Retail Installment Sale Contract" (hereinafter "Agreement") with Bank of America, N.A., wherein Debtor purchased certain personal property to wit: a 2007 Mercedes-Benz ML350, Vehicle Identification Number 4JGBB86E17A243854, as described in the Agreement attached hereto as Exhibit "A" to the Declaration is support of the within motion. Pursuant to the said Agreement, Debtor is obligated to make monthly payments of $1,046.97, with a late payment of 5% of the said payment ($52.34), if any payment is ten (10) or more days past due.

4. Movant has not received the payments owing for September 5, 2009 through April 5, 2010, inclusive. Another payment will become due on May 5, 2010. Accordingly, the arrears owing under the Agreement are in the approximate sum of $8,375.76, and attorneys' fees and costs incurred in filing the instant Motion ($550.00).

5. As of April 12, 2010, the outstanding balance due by Debtor to Movant is $29,862.52, as set forth in the attached Declaration of Eric Mebane.

6. **The subject vehicle is currently in the possession of Debtor herein.**

**RELIEF FROM STAY**

**LACK OF EQUITY**

7. Movant is informed and believes that, based upon the

most recent NADA Guide online report, the value of the vehicle is approximately between $23,950 (Rough Trade-In) and $32,350.00 (Clean Retail). The subject collateral has little to no equity. A true and correct copy of the relevant portion of the NADA Guide online report is attached to the Declaration in Support of Motion for Relief From the Automatic Stay as Exhibit "C" and incorporated herein by reference. The subject vehicle is decreasing in value due to aging and usage.

8. Further, inasmuch as Debtor is unable to service the debt on the subject vehicle, Movant contends that same is not necessary for an effective reorganization. Therefore, Movant is entitled to relief from stay under 11 United States Code section 362(d)(2).

9. If Movant is not allowed to repossess and sell the subject vehicle it will suffer irreparable injury, loss and damage.

**RELIEF FROM STAY - CAUSE**

**ADEQUATE PROTECTION**

10. Pursuant to the provisions of 11 United States Code Section 361 and 362(d), Movant is entitled to adequate protection of its interest in personal property.

11. Movant submits the adequate protection in this case requires normal and periodic cash payments, as called for by the Agreement, plus the repayment of any and all delinquent amounts owed to Movant, including all attorneys' fees and costs incurred in the filing of this Motion.

12. Movant is informed and believes that Debtor is presently unwilling or unable to provide adequate protection to the Movant and there is no probability that adequate protection can be

afforded to Movant within a reasonable time.

13. By reason of the foregoing, Movant is entitled to relief from stay under 11 United States Code section 362(d)(1), based upon the failure of Debtor to provide adequate protection to Movant and to make payments as required by 11 United States Code section 1322.

WHEREFORE, Movant respectfully prays for an Order of this Court as follows:

1. Terminating the automatic stay of 11 United States Code section 362, as it applies to the enforcement by Movant of all of its rights in the Personal Property under the Agreement;

2. That the 10-day stay set forth in Bankruptcy Rule 4001(a)(3) be waived;

3. Granting Movant relief from the automatic stay allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to repossess and sell the subject personal property;

4. Alternatively, in the event this court declines to grant Movant the relief requested above, Movant requests that an Order for adequate protection be issued, requiring the Debtor to reinstate and maintain in a current condition all obligations due under the Agreement, including Debtor's obligations to pay when due (a) the monthly installments as required under the Agreement; (b) insurance obligations; and (c) any sums advanced by Movant on behalf of Debtor in order to protect Movant's interest in the Property, including all attorneys' fees and costs incurred in the filing of this motion;

5. That the attorneys's fees and costs incurred by

| | |
|---|---|
| 1 | Movant for filing the instant Motion be included in the outstanding |
| 2 | balance of the Agreement as allowed under applicable non-bankruptcy |
| 3 | law; and; |
| 4 |     6.    For such other and further relief as the Court deems |
| 5 | just and property. |

Dated:    April 12, 2010            LAW OFFICE OF ROBERT S. LAMPL


                                    By:    /s/ Robert S. Lampl
                                           ROBERT S. LAMPL,
                                           Attorney for Movant